D. Morrison and P. Freeman *vs.* W. Shattuck, J. Bond, R. Rice and A. Sawyer.

*In Chancery.*

If A. convey land to B., and B. neglecting to record his deed, convey the land to C., and D. having a knowledge of said conveyance, fraudulently procure from B. his unrecorded deed—deliver it back to A. and take a deed to himself from A. and convey the land to E.. E. having no knowledge of the aforesaid conveyances, E. as a bona fide purchaser will hold the land against C.

And if C. convey the land to F., he having full knowledge of all the above facts, F. is not entitled to a remedy either at law or in equity against D.

THIS was a bill in equity, setting forth that in the year of our Lord 1752, W. Williams by virtue of a deed duly executed by Coates the original proprietor, was seized in fee of Right No. 1, in Halifax, in the State of Vermont. That in the same year, the said W. Williams, by deed under his hand and seal duly executed, conveyed Right No. 1 aforesaid, to H. Morrison, now deceased. That from the time of the said W. Williams' said purchase, until the year 1783, he was possessed of a good deed from the said Coates to himself of the same Right. That on the 15th day of May, 1754, the said H. Morrison, by deed under hand and seal, duly executed, conveyed the said Right to J. Morrison, who on the 29th day of February, 1788, by deed, &c. conveyed the said Right to the Orators, except one hundred acres on the west side of said Right. It was further charged in the bill, that the deed from the said Coates, not being recorded, W. Shattuck, in April, 1783, by misrepresentation, obtained it from the said W. Williams—that the said Shattuck knowing that the said H. Morrison had a deed from the said W. Williams, and the said J. Morrison from the said H. Morrison of the said Right No. 1, with an intent of defrauding the said J. Morrison, for a trifling consideration, on the 26th day of June, 1783, obtained a deed from the said Coates to himself, and gave up to the said Coates the deed given to the said W. Williams, as aforesaid; the said Coates then being incapable of transacting business. The bill further charges that the said Shattuck afterwards sold the said Right No. 1 to Jonas Bond, who in September, 1786, sold two hundred acres, part of said Right, to Reuben Rice and William Rice, and on the first day of March, 1787, the said Jonas Bond sold fifty acres, part, &c. to James Knapp, and in December, 1787, sold

the remainder to Abner Sawyer.—That the said James Knapp claims no part of the Right conveyed to the Orators.—That the said Reuben Rice, William Rice, and Abner Sawyer had brought an action of ejectment for the said Right, against the Orators, which is now pending, and that they are without remedy, save in this Court, &c.

*Orange,*
*1789.*

*Morrison*
*vs.*
*Shattuck.*

They therefore pray an injunction to stay proceedings at law, that the said deed from Coates to Shattuck may be set aside, and the said Reuben Rice, William Rice and Abner Sawyer may be decreed to release to the orators or grant such other relief, &c. To which bill the defendants, W. Rice, R. Rrice and A. Sawyer demurred: Shattuck, the other defendant, also demurred severally. The defendants, W. Rice, R. Rice and A. Sawyer were first heard on the demurrer. For these defendants it was insisted, that by the plaintiffs' own shewing, the defendants have not been guilty of any fraud; they have purchased the title, *bona fide*, without notice of any equity in another. At the time of their purchase, there was no pretence of right in the plaintiffs, who have since purchased and revived a dormant claim. The persons under whom the plaintiffs' claim were negligent in not recording the title deeds. Whatever equity H. Morrison might have had against Shattuck, yet neither H. Morrison nor the present plaintiffs could have any against these defendants.

For the plaintiffs it was contended that the Court will assist in aiding defective conveyances, and even supply a deed that has been destroyed. It is immaterial what parties are concerned, the sale of the land by Shattuck can make no difference. It might have passed through several hands, before Shattuck's fraud was known. The vendee cannot be in a better situation than the vendor. The title of Shattuck being void by reason of the fraud, the subsequent or derivative titles must likewise be void.

*Per Curiam.* The bill charges that these defendants purchased of Shattuck; they are not charged with fraud personally, or even with notice of the title, under which the plaintiffs claim; they are therefore to be taken to be *bona fide* purchasers without notice. It has been long settled, that if A. sells to B., who forgets or neglects to register his deed, and C. knowing the same, purchases the same land from A. and first registers his deed, and sells to D., who pur-

*Orange,*
*1789.*

Morrison
*vs.*
Shattuck.

chases *bona fide* for a valuable consideration, without notice of B's right; D. shall not be affected by C's notice, but he shall hold against B. 1 Bur. 474. Worsley et al. Assignees of Slader vs. De Mattos & Slader.

The bill as to the defendants, W. Rice and R. Rice, and A. Sawyer, must be dismissed, with costs against the plaintiffs.

For the defendant, Shattuck, it was contended, that the plaintiffs, at the time of the fraud alleged, owned nothing; they are to be considered as purchasers of a mere equity, which will not entitle them to maintain this action, that neither were in fact in possession.

For the plaintiffs it was said, that any subsequent purchaser had a right to disencumber.

*Per Curiam.* The plaintiffs do not stand in the place of heirs or representatives of H. Morrison. H. Morrison had been defrauded of his title to the land in question; after which, and with notice (since it is not denied, and they are supposed to make the best of their own case) the plaintiffs have purchased.

The injury was not done to them;—they have no right in their own names, to a remedy in this suit. The bill as to the defendant, Shattuck, must be dismissed, but without costs.

Knigkt, J. did not sit in this case, having been of counsel for the defendants.